## Weichel *v.* Weichel, Appellant.

Submitted November 16, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Arnold D. Wilner* and *Wilner, Wilner & Kuhn,* for appellant.

*J. A. LaVictoire,* for appellee.

Opinion by Woodside, J., January 17, 1956:

This is an appeal from the decree of the Court of Common Pleas of Allegheny County granting a divorce to the husband on grounds of cruel and barbarous treatment and indignities to the person.

We are considering the matter without benefit of an opinion by the lower court or a brief by the appellee. Although we have dutifully read the testimony and the Master's Report we can see no reason to quote the evidence or discuss the matter in any detail. Much of the evidence was contradictory. The master believed the plaintiff and his witnesses. We think he was justified in rejecting much of defendant's testimony and that the evidence in its entirety warrants granting a divorce on both grounds.

The plaintiff carries a scar where his wife hit him across the face with a piece of masonite; she hit him on the ankle with an ash tray so injuring him that he could not walk for weeks; she hit him over the head with a baseball bat; she hit him with a brick; she threw books at him; she missed him with a stick she threw at him but she broke a window with it; she dumped a plate of spaghetti over his head. Plaintiff is afraid of her. She is guilty of cruel and barbarous treatment.

Defendant broke 74 glass windows in plaintiff's home. She pushed plaintiff's son by a former marriage down the steps causing him to leave home and join the army. She called the plaintiff "an old bastard" in front of his mother, his children, his neighbors and on the street. She broke into his home, destroyed furniture and caused other substantial damage. She denied "running him down" before his friends—"he had no friends," she testified. Defendant frequently was alone in her home with her brother-in-law under most suspicious circumstances. She frequently failed to cook meals and would often continue to talk on the

telephone to her brother-in-law as the food burned. There were other indignities but a recital of the above is sufficient to demonstrate that the lower court was justified in entering the decree of divorce.

Decree affirmed.